IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JERRY LARD**                                                                                                    **PETITIONER**

v.                                     Case No. 4:21-cv-00006-KGB

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                              **RESPONDENT**

## ORDER

Before the Court is the status of this matter. On January 4, 2021, petitioner Jerry Lard filed a petition for writ of habeas corpus (Dkt. No. 1). On the Court's own motion, the Court stays its prior Order directing respondent Dexter Payne to respond within 60 days after service to Mr. Lard's pending petition for habeas corpus (Dkt. No. 5).

At this time, the Court directs the Clerk to unseal several filings in this matter and filings submitted in connection with Case No. 4:14-cv-00008 which are now pending in this matter, including docket entries 8, 9, 10, 11, 12, and 13, and to serve copies of these unsealed filings on counsel for Mr. Lard and Mr. Payne. The Court takes under advisement all issues raised in these now unsealed filings but makes no rulings on Mr. Lard's requests or his counsel's requests at this time.

To the extent Mr. Lard requests permission to proceed *pro se* in this habeas case or without appointed counsel, the Court will not rule on such request at this time. Instead, given the issues raised in these now unsealed filings, the Court directs counsel for Mr. Lard to confer with Mr. Lard. If counsel requires assistance in making arrangements to confer with Mr. Lard, counsel for Mr. Lard should inform the Court. The Court directs that counsel for Mr. Lard inform the Court by a separate filing within 21 days of the entry of this Order whether Mr. Lard persists in his request to proceed *pro se* or for new counsel to be appointed in this case. There is no need for

counsel for Mr. Lard to explain reasoning, status, or the nature of such discussions. Notice is all that is required. After receiving that notice, the Court may set this matter for an in-person status conference.

Further, given the issues raised in these now unsealed filings, this Court directs counsel for Mr. Lard and Mr. Payne to confer and, within the next 30 days, to propose to the Court a list of threshold matters to be addressed in this case and a proposed briefing schedule. Based on the Court's initial assessment, the list of threshold matters to be addressed includes but may not be limited to the following:

(1) Whether this Court should direct a competency evaluation of Mr. Lard and, if so, what procedure should be followed for doing so;

(2) Whether, if this Court directs a competency evaluation of Mr. Lard, that evaluation should be followed by a competency hearing before this Court to determine whether Mr. Lard is competent to waive habeas review;

(3) What legal standard should govern this Court's inquiry of whether Mr. Lard is competent to waive habeas review, if this Court conducts a competency hearing;

(4) The effect, if any, of the Arkansas state-court finding that Mr. Lard was competent to waive post-conviction review; and

(5) Whether this Court can permit a petitioner to waive an intellectual-disability claim based on a *pro se* motion, even if the petitioner is found competent, when one of the claims raised on behalf of the petitioner is an *Atkins v. Virginia*, 536 U.S. 304 (2002), claim.

The parties may confer regarding this list and raise with the Court additional matters or a modified list of matters to be addressed. To the extent the parties are able to do so, the Court directs that

the parties submit within 30 days from the entry of this Order a joint list of threshold matters to be addressed in this case and a proposed briefing schedule. If the parties are unable to agree, the parties may submit to the Court within 30 days from the entry of this Order separate proposals for the Court's consideration.

    So ordered this the 24th day of February, 2021.

_____
Kristine G. Baker
United States District Judge